UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS                                  NO: 07-354

TIMOTHY HARRIS, SR.                     SECTION: R

**ORDER & REASONS**

Before the Court is petitioner Timothy Harris's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255,[1] and motion to amend grounds for relief and to take judicial notice.[2]  For the following reasons, the Court denies Harris's motions.

**I.    BACKGROUND**

On September 25, 2007, the government filed a bill of information charging Harris with conspiracy to engage in the business of dealing in firearms without being licensed and conspiracy to make false statements in violation of 18 U.S.C. § 371 (Count 1).[3]  The bill of information also charges Harris with wire fraud in violation of 18 U.S.C. § 1343 (Count 2), and aggravated identity theft in violation of 18 U.S.C. § 1028A

---

[1]  R. Doc. 110.

[2]  R. Doc. 113.

[3]  R. Doc. 25.

(Count 3).[4]  On November 28, 2007, Harris pleaded guilty to the bill of information.[5]  The Court sentenced Harris to 61 months imprisonment, consisting of 37 months on Counts 1 and 2 to be served concurrently, and 24 months on Count 3 to be served consecutively.[6]

Harris also entered a plea agreement with the Government under Federal Rule of Criminal Procedure 11.[7]  Under the plea agreement, the Government agreed (1) not to bring any other charges arising from the defendant's conduct related to the operation of Elliot's Small Arms and Elliot's Gun Shop; and (2) to inform the Court of any cooperation Harris rendered before sentencing.[8]  In exchange, and in addition to his guilty plea, Harris waived his right to appeal his conviction or sentence, except that he reserved the right to bring a direct appeal of any sentence above the statutory maximum.  In addition, Harris waived his right to contest his conviction or sentence in any collateral proceeding, including under 28 U.S.C. § 2255, except if he established ineffective assistance of counsel directly affected the validity of his waiver of appeal and collateral challenge

---

[4]  *Id.*

[5]  R. Doc. 55.

[6]  R. Doc. 90.

[7]  R. Doc. 57.

[8]  *Id.*

rights or the validity of the guilty plea itself.[9]

Harris now moves the Court to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 based on three arguments: (1) his offense level should be decreased for acceptance of responsibility; (2) his sentence should be reduced because of the existence of a license to deal in firearms; and (3) his sentence should be reduced because he provided "substantial assistance" to the government.[10] Harris also moves the Court for leave to amend his petition to add eight specific factual assertions to his petition, and for the Court to take judicial notice that no firearms were sold without a license.[11]

**II.   DISCUSSION**

*A) Timeliness*

As Harris did not appeal this Court's judgment, his conviction and sentence became final ten days after entry of judgment.[12] Fed. R. App. P. 4(b)(1). Harris's conviction, therefore, became final on July 7, 2008. Harris mailed the

---

[9]   *Id.*

[10]   R. Doc. 110.

[11]   R. Doc. 113.

[12]   Rule 4(b)(1) of the Federal Rules of Appellate Procedure was amended in 2009 to allow 14 days after the entry of judgment for filing of an appeal.

instant motion to the Court no earlier than May 9, 2011,[13] almost three years after his conviction became final.  Section 2255(f) provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Harris's petition was filed more than one year after his conviction became final, and he does not contend that any governmental action impeded his ability to request post-conviction relief.  He also does not assert any right that has been newly recognized by the Supreme Court and made retroactively applicable to his case.  Instead, Harris contends his motion was filed within one year of discovering facts that could have not otherwise been discovered through the exercise of due diligence

---

[13]   R. Doc. 110 at 13.

under section 2255(f)(4).  Specifically, Harris relies on the facts contained in a "Sentence Monitoring Computation Data" form and states that the form "show[s] an error based on a statement that the petitioner was in business without a license."[14] Petitioner provides no evidence or argument, however, that the facts contained in the form were not earlier known to him, or could not have been discovered earlier through the exercise of due diligence.  On November 28, 2007, Harris signed a detailed factual basis describing how Harris approached Hermann Eicke to acquire a Federal Firearm's License (FFL).[15]  The factual basis provides that on August 19, 2004, the Bureau of Alcohol, Tobacco, Firearms and Explosives notified Harris that his FFL was revoked.[16]  Harris approached Eicke to acquire a FFL so the gun shop could continue to operate.[17]  The factual basis further provides that Harris made it clear to Eicke that although Eicke

---

[14] *Id.* at 12.  Harris also asserts that the "Sentence Monitoring Computation Data" form does not reflect any consideration for acceptance of responsibility.  The Court granted the government's motion that defendant was entitled to a three-level decrease in his offense level for timely acceptance of responsibility. R. Doc. 92.  Because defendant was given credit for timely acceptance of responsibility, the absence of a reference to timely acceptance of responsibility on the "Sentence Monitoring Computation Data" form does not make section 2255(f)(4) applicable in this case.

[15] R. Doc. 61.

[16] *Id.* at 1.

[17] *Id.*

would hold the FFL, Harris would continue to own and control the gun shop.[18]  The Court, therefore, finds that at the time Harris signed the factual basis, he was aware of the facts forming the basis of his claims.  Accordingly, section 2255(f)(4) does not apply, and petitioner's section 2255 motion is untimely.

    B)  *Waiver of Appeal Rights*

Additionally, the Court finds that Harris has waived his right to present the arguments raised in his section 2255 motion. Generally, a defendant may waive his statutory right to appeal as part of a plea agreement.  *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995).  A defendant may also waive post-conviction relief, such as under 28 U.S.C. § 2255, and the waiver is valid if it is informed and voluntary.  *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

Here, Harris's signed plea agreement contains an express waiver of his right to seek relief under section 2255.[19]  Harris

---

[18]  *Id.* at 2-4.

[19]  R. Doc. 57 at 2 ("Except as otherwise provided in this paragraph, the defendant hereby expressly waives his rights to appeal from his conviction and/or his sentence, including but not limited to any appeal rights conferred by Title 28, United States Code, Sections 1291, and by Title 18, United States Code, Section 3742.  The defendant further waives his right to contest his conviction and/or his sentence in any collateral proceeding, including proceedings brought under Title 28, United States Code, Section 2241 and Title 28, United States Code, Section 2255, on any ground, except that the defendant may bring a post conviction claim if the defendant establishes that ineffective assistance of

does not assert that ineffective assistance of counsel directly affected the validity of his waiver of appeal and collateral challenge rights or the validity of his guilty plea.  Further, Harris does not challenge the knowing and voluntary nature of his waiver.  Accordingly, the Court finds that Harris waived his right to bring the present section 2255 motion.

*C) Motion to Amend Grounds for Relief and to Take Judicial Notice*

On June 23, 2011, Harris filed a motion seeking to add eight specific factual allegations to his section 2255 motion, and moving the Court to take judicial notice that no firearms were sold without a license.[20]  Because the Court's conclusions regarding timeliness and waiver are not affected by the additional facts petitioner asks the Court to consider, the Court denies petitioner's motion to amend as futile.  *See United States v. Gonzalez*, 592 F.3d 675, 681 (5th Cir. 2009) (stating that in the context of a section 2255 petition, "a district court may deny motions to amend ... when the amendment would be futile"); *United States v. Thomas*, 221 F.3d 430, 436 (3rd Cir. 2000)

---

counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself.  Subject to the foregoing, the defendant reserves the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum.").

[20]   R. Doc. 113.

(holding that a court "may, in its discretion, permit an amendment to a [section 2255] petition to provide factual clarification or amplification after the expiration of the one-year period of limitations, *as long as the petition itself was timely filed* and the petitioner does not seek to add an entirely new claim or new theory of relief") (emphasis added).

The Court also denies Harris's motion for the Court to take judicial notice that no firearms were sold without a license. Under Rule 201 of the Federal Rules of Evidence, a court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b). Because the question of whether Harris sold firearms without a license is disputed and is not capable of determination by resort to sources whose accuracy cannot be reasonably questioned, the Court denies the motion to take judicial notice.

### III. CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may

direct the parties to submit arguments on whether a certificate should issue." RULES GOVERNING SECTION 2254 PROCEEDINGS, Rule 11(a). A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Miller-El v. Cockrell*, the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" 537 U.S. 322, 336 (2003). With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

   Harris's motion does not satisfy these standards. After his conviction became final, Harris allowed substantially more than one year to lapse before filing the present federal petition. Thus, his section 2255 motion is time-barred. Additionally, Harris waived his right to bring a section 2255 motion except in

limited circumstances not applicable here.  Further, Harris does not challenge the knowing and voluntary nature of his waiver of post-conviction relief.  Accordingly, the Court finds that petitioner's arguments do not amount to a substantial showing that his constitutional rights were compromised, nor would they engender any type of debate among reasonable jurists.

**IV. CONCLUSION**

For the foregoing reasons, the Court denies petitioner's motions.  The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this __7th__ day of July, 2011.


_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE